THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSICA F. PALMER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 19-cv-02267-JMC |
| TERRY L. BROWN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case is before me for all proceedings by the consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (ECF Nos. 12 & 21). Presently pending before the Court is Terry Brown's ("Ms. Brown" or "Defendant") Motion for Summary Judgment. (ECF No. 26). Jessica Palmer ("Ms. Palmer" or "Plaintiff") has filed an Opposition (ECF No. 27), and Defendant has filed a Reply (ECF No. 28). The motions have been fully briefed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons outlined below, Defendant's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

On January 11, 2017, a wintery morning, Ms. Palmer tripped and fell while walking towards the entrance of Ms. Brown's home located at 18723 Rolling Road, Hagerstown, Maryland 21742. On the date of the incident, Ms. Palmer was employed by Optimal Health as a Home Health Aide and was on Ms. Brown's property to provide care for Defendant's handicapped daughter, which she had done for approximately six months to a year prior to this incident. (ECF No. 26-1 at 2).

1

On the morning of January 11, 2017 — before driving to Ms. Brown's property— Ms. Palmer shoveled her driveway to remove the snow and ice that had fallen over night. (ECF No. 26-1 at 3). After shoveling occurred, Ms. Palmer drove her car to Ms. Brown's home, and upon her arrival, she drove onto Ms. Brown's driveway, parked her car, and exited. *Id.* Ms. Palmer proceeded to walk on the grass towards Ms. Brown's house. *Id.* at 4. While traversing the grass, Ms. Palmer heard a noise behind her, which caused her to turn around. At that time, Plaintiff observed her vehicle rolling backwards down the driveway, and towards Rolling Road. *Id.* Plaintiff said that upon seeing her vehicle moving backwards, she stepped off of the grass and onto the driveway. (ECF No. 26-4, Tr. 33:1–33:13). Plaintiff testified that she "watched the car going down the hill in shock. And then next thing I know, I slipped and fell in the driveway." Tr. 30:21–31:1.

Both at the time of the incident, and throughout this matter, Ms. Palmer admits that she does not know what caused her fall but has maintained that before and after she fell, she observed ice on Ms. Brown's driveway where her fall occurred. After she fell, Plaintiff used her cellphone to call Ms. Brown. (ECF No. 26-1 at 5). Ms. Brown immediately ran outside, through the grass, to reach Ms. Palmer. At this time, she recognized Ms. Palmer's arm required medical attention.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp.*, 673 F.3d 323, 330 (4th Cir.

2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247–48.

In considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007), *Jacobs v. N.C. Admin. Office*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, however, the court must prevent "factually unsupported defenses from proceeding to trial." *Bonchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

III. ANALYSIS

Ms. Palmer's sole cause of action is negligence based on premises liability. To prevail on her claim for premises liability, Plaintiff must demonstrate: (1) Defendant owed her a duty to protect her from injury; (2) Defendant breached that duty; (3) Plaintiff suffered actual injury or loss; and (4) Plaintiff's injury or loss proximately resulted from the Defendant's breach of duty. *Duncan-Bogley v. United States*, 356 F. Supp. 3d. 529, 535 (D. Md. 2018), *appeal dismissed*, 2019 WL 3206681 (4th Cir. June 14, 2019) (citing *Rosenblatt v. Exxon Co., USA*, 335 Md. 58 (1994)).

"Under Maryland law, the liability of owners of real or personal property to an individual injured on their property is dependent on the standard of care owed to the individual and that in turn is contingent upon a determination of the individual's status while on the property." *Hall v. Washington Metro Transit Auth.*, 619 F. Supp. 2d 629, 632 (D. Md. 2010) (internal citations and quotation marks omitted). Correspondingly, there are generally "four classifications regarding the

status of a person entering upon land: invitee, licensee by invitation, bare licensee, and trespasser." *Id*. (internal citation omitted).

Here, apparently, neither party contests Ms. Palmer's status as a business invitee[1] on the date of the incident. Accordingly, the first factor for premises liability is established and Ms. Brown had a duty to "use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.'" *Duncan*, 356 F. Supp. 3d at 538 (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)). Further, it appears the parties do not dispute either the existence, or the extent, of Ms. Palmer's injuries that resulted from her fall, thus satisfying the third negligence factor.

The parties, however, disagree as to whether Ms. Brown breached her duty of care and whether any such breach served as the proximate cause of Ms. Palmer's accident. (ECF No. 27-1 at 6).[2]

**Breach**

The duty owed to an invitee is to use "reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover." *Casper*, 316 Md. at 582, *see also McManus*, 2019 WL 1746696, at *3 ("The duties of a business invitor [ ] include the obligation to 'warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable

---

[1] In general, an invitee is a "person invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Rowley v. Mayor of Baltimore*, 305 Md. 456, 465 (1986).

[2] The parties disagree about whether Ms. Palmer could establish causation. While the court shares Ms. Brown's concerns regarding the sufficiency of Ms. Palmer's evidence, it need not resolve this argument. Even assuming, *arguendo*, that Ms. Palmer could prove Ms. Brown's negligence caused her fall, the Court's conclusion, *infra*, that the existence of the ice did not constitute a breach of Ms. Brown's duty, resolves this matter in its entirety. *Cf. McManus v. Target Corp.*, 2019 WL 1746696, at *3 n.4 (D. Md. Apr. 17, 2019).

4

precautions against foreseeable dangers.'" (quoting *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 561(D. Md. 2014))).[3] An owner or occupier ordinarily has no duty to warn the invitee of open, obvious, and patent dangers. *Coleman v. United States*, 369 Fed. App'x 459, 462 (4th Cir. 2010). Here, Ms. Brown argues that any iciness of the driveway was "open and obvious" and did not pose an unreasonable risk; thus Ms. Brown's failure to warn Plaintiff of the ice, or to take remedial measures, did not constitute a breach of the duty she owed Plaintiff.[4] (ECF No. 26-1 at 5). The Court agrees.

"An open and obvious condition is one where the condition and risk are 'recognizable to a person in the position of a visitor, exercising ordinary perception, intelligence, and judgment." *Bogley*, 356 F. Supp. at 540 (quoting *Coleman*, 369 Fed. App'x at 459). As relevant here, the Maryland Court of Appeals has "noted, with approval, the proposition formulated by Prosser and Keeton that 'there are certain risks which anyone of adult age must be taken to appreciate: *the danger of slipping on ice*, of falling through unguarded openings, of lifting heavy objects . . . and doubtless many others.'" *C & M Builders, LLC v. Strub*, 420 Md. 268, 295 (2011) (emphasis added) (quoting *Morgan State Univ. v. Walker*, 397 Md. 509, 515 (2007)).

When faced with such "open and obvious dangers, invitees are expected to exercise ordinary caution and judgment that will permit them to observe and avoid such dangers." *McManus*, 2019 WL 1746696, at *3. "This includes the duty to look and see what is around the invitee." *Coleman*, 369 Fed. App'x at 462. Ms. Palmer failed to exercise such care here. In her deposition, she noted that when she pulled into the driveway, she did not see the snow and ice on

---

[3] Unpublished cases are cited for the soundness of their reasoning, not for any precedential value.

[4] Both parties seem to agree that an icy driveway is a dangerous condition, and do not dedicate any time to this matter. Rather, Defendant cites to *Duncan-Bogley v. United States*, wherein the Court said "even if the sidewalk defect *did* pose an unreasonable risk, Plaintiff nonetheless is not entitled to recover because the undisputed facts demonstrate that the defect was open and obvious. 356 F. Supp. at 540.

the driveway, as she merely was "pulling into to go to work . . . [and] wasn't *focused* on the driveway." (ECF No. 26-4; Tr. 53–54) (emphasis added). Similarly, at the time of her fall, Ms. Palmer acknowledged that she "wasn't *focused* on the snow or ice on the driveway. I didn't *see* it." Tr. 55–57 (emphasis added). Further, she stated that "I was focused on the car sliding down the driveway. So I didn't pay attention to the snow and ice on the driveway. I was focused on the car sliding down the driveway." Tr. 57. Still, she acknowledges that she saw the snow and ice prior to her fall, when she chose to walk on the grass. Tr. 33; 55–56.

Whether a defect is deemed "open and obvious," typically, is a question reserved to the factfinder. *C & M Builders, LLC v. Strub*, 420 Md. 268, 298 (2011). "However, 'where it is clear that any [reasonable] person [in Plaintiff's position] must have understood the danger, the issue may be decided by the court." *Bogley*, 356 F. Supp. at 540 (citing *Strub*, 420 Md. at 268). This is the situation here. (ECF No. 28 at 3). Ice is a danger to which reasonable adults are aware, and as discussed in detail below, Maryland Courts have held that where there is nothing to obstruct or interfere with one's ability to see such condition, the owner or occupier is justified in assuming that a visitor will see it and realize the risk involved.[5] Simply because Plaintiff wasn't focused on the condition of the driveway does not mean that the ice could not, or should not, have been seen by a reasonable person in Plaintiff's position.

Invitees may be excused from observing open and obvious defects in certain circumstances. *Duncan*, 356 F. Supp. 3d at 540 (listing cases). Those circumstances do not exist here. There was nothing obstructing Plaintiff's view of the driveway. (ECF No. 26-4, Tr. 54–57)*,* the incident occurred sometime in the morning, and Plaintiff did not allege there was "something unexpected

---

[5] *Cf. Duncan-Bogley*, 356 F. Supp. 3d at 540 ("Because 'it is common knowledge that small cracks, holes and uneven spots often develop in pavement,' courts have consistently held that . . . the owner or occupier of the premises is justified in assuming that a visitor will see it and realized the risk involved." (quoting *Gellerman*, 5 F. Supp. 2d at 353)).

6

or beyond the miscellany of normal activity so as to excuse her failure to observe the . . . defect." *Bogley*, 356 F. Supp. 3d at 540; *see also Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998) (determining moving vehicles in a parking lot were an expected distraction that did not excuse a failure to see a gap at the curb).

The condition of the driveway is not in dispute. (ECF No. 26-1 at 7). Both parties acknowledge that there was snow and ice on the driveway. (ECF No. 26-4, Tr. 52–53). Ms. Palmer specifically conceded that a photograph that "depict[s] some—it looks like some snow and ice," accurately described the condition of the driveway when she pulled up that morning, and there was "snow and ice out there." (ECF No. 26-4, Tr. 52–53, 105). "To the extent that Plaintiff suggests that the ice was invisible or hard to observe, courts 'generally consider self-serving opinions without objective corroboration not significantly probative,'" and any suggestion that the ice was invisible or not appreciated by Plaintiff is belied by Plaintiff's deposition testimony that she *observed* the ice while walking on the grass (prior to her fall). *See Farley v. United States*, 2015 U.S. Dist. LEXIS 133041, at *10 n.5 (S.D. W.Va. Sept. 30, 2015) (applying the open and obvious doctrine under West Virginia law) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996), (Tr. 33, 55–56).

Plaintiff counters that the ice was not open and obvious, and therefore Ms. Brown breached her duty when she failed to warn Plaintiff of this "hidden defect." (ECF No. 27-1 at 7). In support of her argument, Ms. Palmer cited to Ms. Brown's testimony that she typically salts her driveway, but on this morning, she had not checked the condition of her property prior to Ms. Palmer's arrival. (ECF No. 27-1 at 7–9). This analysis conflates the standard of care Ms. Brown was required to exercise with the judgment that Ms. Palmer should have employed when visiting the premises. *Cf. McManus*, 2019 WL 1746696, at *4. That Ms. Brown did not find the ice to be a

7

hazard (whether arrived at correctly or incorrectly) does not mean that it posed an unreasonable risk or that such ice was not open and obvious. To the contrary, given that Ms. Brown regularly salts and inspects her driveway, including on days prior to Ms. Palmer's fall, and found no hazards, it appears that Ms. Brown exercised the reasonable care required of her by law. *Id.*

Plaintiff's reliance on *Thomas v. Panco Management*, 423 Md. 387 (2011) and *Poole v. Coakley & Williams Construction Incorporated,* 423 Md. 91, 98–99, to oppose summary judgment are unavailing. (ECF No. 27-1 at 16). In both of these cases the Plaintiff fell on *black ice. See, Thomas*, 423 Md. at 390–91. The Maryland Court of Appeals defined black ice as a "a unique weather condition that does not necessarily pose the same risk as snow or visible 'white ice.' Black ice is difficult to see because it reflects less light than regular ice, and therefore does not appear glossy or slick[.]" *Poole*, 423 Md. at 99 n.2. In *Poole*, the Court determined that Poole could not have assumed the risk as a matter of law because one's "ability to identify black ice, when by its nature it is not perceivable or knowable until the moment of experience, means the danger is not necessarily patent." *Id.* at 119. Similarly, in *Thomas v. Panco Management of Maryland, LLC*, the Court held it was a jury question as to whether Thomas had knowledge and appreciation of the black ice. *Id.* at 423 Md. 401–02. The Court in these cases noted that, unlike here, there was evidence from which a jury could find that the ice was *not* clearly visible.

Regrettably, ice is a part of ordinary life. At times, such may cause someone to fall, and the result may be "merely an unfortunate accident rather than a tortious breach of duty." *McManus*, 2019 WL 1746696, at *4. Such is the case here, and for that reason, the Court will GRANT the Motion for Summary Judgment.

**Assumption of the Risk**

Even if the Court were to find a breach of duty on Ms. Brown's part, Plaintiff's assumption of the risk would be a second reason to bar her recovery. To establish the defense of assumption of the risk in Maryland, a defendant must show that: (1) the plaintiff had knowledge of the risk of the danger; (2) the plaintiff appreciated that risk; and (3) the plaintiff voluntarily confronted the risk of danger. *Bertolazzi v. Baltimore Hotel Corp.*, 695 Fed. App'x 693, 695 (4th Cir. 2017). This defense is premised on the theory that a Plaintiff who voluntarily consents, either expressly or impliedly, to exposure to a known risk cannot later sue for damages incurred from exposure to that risk. *Prudential Secs. v. e-Net, Inc.*, 140 Md. App. 194, 227 (2001). In other words, "by virtue of plaintiff's voluntary actions, any duty the defendant owed the plaintiff to act reasonably for the plaintiff's safety is superseded by plaintiff's willingness to take a chance." *Id.* at 226.

As described above, the parties contest whether Plaintiff knew and appreciated the risk of falling on the icy driveway. In determining whether a plaintiff had the requisite knowledge an appreciation of the risk, Courts apply an objective standard. *Borowicz*, 2017 Md. App. LEXIS 1045, at *6; *see also Garvine v. Maryland*, 2018 U.S. Dist. LEXIS 149849, at *23 (D. Md. Sept. 4, 2018) ("The test for assumption of the risk, or 'whether the plaintiff knows of, and appreciates, the risk involved in a particular situation,' is an objective one . . . ." (quoting *Schroyer*, 323 Md. at 283)). In "applying an objective standard, 'a plaintiff will not be heard to say that [s]he did not comprehend a risk which must have been obvious to [her].'" *Borowicz,* 2017 Md. App. LEXIS 1045, at *6 (quoting *Martin*, 348 Md. at 91). Accordingly, in situations where a "person of normal intelligence in the position of the plaintiff must have understood the danger," then, the "issue is for the court." *ADM P'ship v. Martin*, 348 Md. 84, 91–92 (1997). Said another way, the party must have known and appreciated the risk either because it is not credible that a similarly situated

person would not have done so, or because the risk was so obvious that it could not have been encountered unwittingly. *Strub*, 420 Md. at 295.

Defendant maintains that because any reasonable person would have appreciated that snow and ice can be slippery, Plaintiff assumed the risk of injury when she voluntarily stepped onto the driveway. The Court agrees.

This determination is in-line with similar snow and ice cases in Maryland. For example, in *Schroyer v. McNeal*, the plaintiff slipped on ice in a hotel parking lot. 323 Md. 275, 276–77 (1991). In holding that the plaintiff assumed the risk as a matter of law, the Maryland Court of Appeals noted that "[w]ith full knowledge that the parking lot and sidewalk were ice and snow covered and aware that the ice and snow were slippery, McNeal voluntarily chose to park on the parking lot and to walk across it and the sidewalk, thus indicating her willingness to accept the risk," and to relieve the hotel owners of liability as a matter of law. *Id.* at 288.

Similarly, in *Morgan State University v. Walker,* the Maryland Court of Appeals determined that a parent (Walker) had assumed the risk of injury when she traversed an icy parking lot in order to visit her daughter. 397 Md. 509, 511 (2007). Initially, Walker successfully traversed the uncleared lot (*i.e.,* containing observable snow and ice on the ground), by holding onto parked cars as she walked, and visited her daughter. *Id.* at 512. However, on her journey back to her car — still observing ice and snow in the parking lot and holding onto parked cars as she walked — she slipped and fractured her hip. *Id.* In determining plaintiff had assumed the risk, the Court noted that Walker's own testimony made it clear that she was aware of the ice and snow in the parking lot, as she stated during her deposition that she as she drove her car onto the parking lot, she noticed that she was driving on "crunchy ice and snow." *Id.* at 519. Walker's "behavior demonstrate[d] that she was also aware of the risk, and appreciated the risk, of danger of walking

on snow and ice." *Id.* Accordingly, the Court of Appeals determined that Walker had assumed the risk of injury as a matter of law. *Id.* at 514.

In *Borowicz v. Council of Unit Owners of the Pines at Dickinson*, 2017 Md. App. LEXIS 1045, at *11 (Oct. 7, 2011), the plaintiff slipped and fell on ice while walking in the parking lot of her condominium building. *Id.* at *1. Plaintiff maintained that she subjectively lacked the knowledge of the risk of ice underneath the snow, and thus, whether she possessed knowledge of the risk was a question for the trier of fact, which prohibited summary judgment. *Id.* at *5–6. The Court disagreed, and in determining plaintiff assumed the risk of injury as a matter of law, the Court emphasized that during plaintiff's deposition she agreed with counsel's statement that "there was snow and ice in the parking lot, and that you decided to walk across it anyway." *Id.* at *11. Plaintiff testified that she could see the ice around her car prior to her walking on it, and in a photograph that plaintiff took the snow and ice were clearly visible around her car. *Id.*

The rationale and circumstances in *Borowicz* are akin to those present here. The snow and ice on the driveway were both visible and obvious to Plaintiff, and a reasonable person would have appreciated the risks inherent of walking on that snow and ice.

**Voluntarily Encountered A Known Risk**

Ms. Palmer also challenges the contention that she voluntarily encountered the ice (the final element necessary for the affirmative defense of assumption of the risk)— as she maintains that it was necessary for her to traverse the icy driveway to get to work. (ECF No. 27-1 at 14–15). However, Plaintiff acknowledged that upon seeing the snow and ice, she chose to try to avoid it by walking on the grass. (Tr. 33). As Ms. Brown recognized, this "presumes that Plaintiff had knowledge of the icy conditions but was compelled to encounter them because it was the only path to take to reach her employment." (ECF No. 28 at 1). That Plaintiff's precautionary measures to

11

avoid the ice fell short does not change the fact that she voluntarily[6] set out on a course where encountering the ice was a known risk. Plaintiff's intent was to continue to walk through the grass to the house, and she voluntarily chose to step back onto the driveway when she could have walked down the front yard in the grass next to the driveway. (ECF No. 28 at 2). *See Warner v. Markoe,* 171 Md. 351, 359–60 (1937) ("[A]ssumption of risk of accident means voluntary incurring [the risk] of an accident which may not occur, and which the person assuming the risk may be careful to avoid after starting.").

The snow and ice on the driveway were both visible and obvious to Plaintiff, and a reasonable person would have appreciated the risks inherent of walking on that snow and ice. Accordingly, this Court can also conclude that Plaintiff assumed the risk of injury as a matter of law, and summary judgment is therefore appropriate on this basis, as well.

IV. CONCLUSION

For the reasons described above, Defendant's Motion for Summary Judgment is GRANTED. A separate Order shall attach.

April 9, 2020                                            /s/

J. Mark Coulson
United States Magistrate Judge

---

[6] A plaintiff's action is voluntary where he or she "is acting under the compulsion of circumstances, not created by the tortious conduct of the defendant, which have left him [or her] no reasonable alternative.'" *Thomas*, 423 Md. at 403 (quoting *Martin*, 348 Md. at 93) (recognizing in a situation where the defendant did not create the risk to the plaintiff, and the plaintiff finds himself confronted by a choice of risks or is driven by his own necessities to accept a danger, the situation is not to be charged against the defendant).